STATE ex rel SCHELL et al, Appellant, v. SCHMOCKEL,
County Superintendent, Respondent.

(189 N. W. 678.)

(File No. 5123.    Opinion filed August 30, 1922.)

1.  **School Districts—Consolidated District, Segregation of Part of
Without Attaching to Another District, Whether Valid—
Statute.**

A petition of majority of resident electors of a territory
forming part of an independent consolidated school district
for segregation and exclusion ' of such fractional part from
the consolidated district, without praying to have same in-
cluded in an adjacent school district, is unavailing, under Sec.
7536, Code 1919, providing that, upon filing a petition of a
majority of resident electors desiring to have territory included
or excluded from any independent district, such territory may
be taken therefrom and included in an adjacent district, upon
filing the petition with county superintendent, who shall call
a committee consisting of himself, the president of the board
of education of such independent district, "and the chairman
of the district board," to consider the interests "of the cor-
porations concerned," etc., and if they deem it proper shall
grant the petition and issue an order authorizing inclusion of
said territory in the "independent district or school districts
to which it is adjacent," whereupon such territory shall be a
part of the district "in which it is ordered included;" said
statute not permitting such segregation in absence of the pur-
pose to include same within such adjacent district or districts;
the evident intention having been to disconnect said territory
from the independent consolidated district in order that its
residents may reorganize and re-establish a former district of
which said territory was composed—a purpose not contem-
plated by the statute.

2.  **Same—"Chairman of District Board" as Determinative Commit-
tee Re Segregation and Attachment to Another District, as
Meaning Adjacent District.**

The provision in Sec. 7536, Code 1919, that the committee
referred to in Subd. 2 thereof, composed of county superinten-
dent, the president of board of education "of such independent
district," and "the chairman of the district board" shall be one
to consider (Subd. 3) the interests of the corporations con-
cerned, etc., and if deemed proper, shall grant the petition for
segregation and exclusion of the territory a majority of whose
resident electors have petitioned, etc., and issue an order au-
thorizing inclusion of such territory "in the independent dis-

trict or school districts to which it is adjacent,"—is properly construed to mean that said phrase "chairman of the district board" refers to the district to which the territory involved is to be attached; hence, there being in the instant case no such district, said law cannot be complied with.

3. **Same—Statute as Requiring Attachment to Adjacent District as Condition to Segregation from Another—Statute Further Interpreted.**

That said law contemplates exclusion of territory from an independent district only when it is attached to some other district is further shown in language used in Subd. 3 and in Subd. 6 of said section, providing that "from the date authorizing such change" such territory shall be "a part of the district in which it is ordered included."

Appeal from Circuit Court, Walworth County. Hon. JOSEPH H. BOTTUM, Judge.

Action by the State of South Dakota on the relation of Fred Schell and others, for a writ of mandamus directing the defendant Esther Schmockel, as county superintendent of schools of Walworth County, South Dakota, to call a committee as provided by law to decide upon granting or refusing of petitioners' petition for segregation and exclusion of certain territory formerly known as Hiddenwood School District No. 5 of said county from Selby Independent Consolidated School District. From an order dismissing an alternative writ of mandamus, the petitioners appeal. Affirmed.

*Stephens & McNamee,* for Appellant.

*Smith & Shandorf,* for Respondent.

POLLEY, J. On and since the 1st day of July, 1919, there existed what was known as the Selby consolidated school district, in Walworth county. This district consisted of what had formerly been the Bangor school district, which included the city of Selby, and Hidden Wood school district No. 5, which consisted of practically one whole government township. On the 25th day of July, 1921, a written petition, signed by a majority of the resident electors of the territory that had formerly been known as Hidden Wood school district No. 5, was filed with the county superintendent of Walworth county, asking for the segregation and exclusion of the territory that had formerly been known as Hidden Wood school district No. 5 from the Selby independent

consolidated school district.  The petitioners thereupon demanded that such superintendent ·act upon said petition and take such steps as would bring about such segregation and exclusion.  This demand was ignored and refused, and thereafter the petitioners took such proceedings that on the 5th day of December, 1921, an alternative writ of mandamus isued out of the circuit court, directing said school superintendent to act upon said petition or to show cause why such action was not taken.  On motion of the respondent the circuit court isued an order dismissing said writ, and from such order petitioners appeal to this court.

The petition was filed and the attempt to segregate was made under the provisions of section 7536, Code 1919, but the petitioners did not seek to have the territory that had formerly constituted the Hidden Wood district attached to any other school district.  They merely asked to have it excluded from the independent school district of which it was then a part, and it was for this reason that the county superintendent refused to act upon the petition, and that the circuit court quashed the alternative writ.

Section 7536, Code 1919, provides that territory within an independent district may be taken therefrom and included in an adjacent district in the following manner:

"1.  Application by written petition for such change must be made by a majority of the resident electors desiring to have territory included or excluded from any independent district.

"2.  Upon receipt of such petition the county superintendent shall call a committee to decide upon granting or refusing the petition, such committee consisting of himself, the president of the board of education of such independent district, and the chairman of the district board.

"3.  The committee shall consider the interests of the corporations concerned, the convenience of the petitioners and the permanent school interest, and if they deem it proper, shall grant the petition and issue an order authorizing the inclusion of such territory in the independent district or school districts to which it is adjacent.

"4.  *  *  *

"5.  *  *  *

"6.  Such territory shall, from the date of the order authoriz-

ing such change, be a part of the district in which it is ordered included."

[1] Appellants in their brief say that, unless this section of the Code "permits the exclusion sought in this case, there is no method by which the same can be excluded." With this proposition we fully agree. We are of the opinion, however, that this section does not authorize such exclusion. The petitioners do not ask that the territory they are seeking to have excluded from the Selby district be attached to any other district. So far as appears from the petition, the territory the petitioners seek to have excluded from the Selby district is to be disconected from any existing district, but without any school district organization of its own. What they are attempting to accomplish, as they frankly admit in their brief, is to be disconnected from the Selby district in order that they may reorganize and re-establish the Hidden Wood district. The law does not in terms authorize this, nor does it contemplate such a situation.

[2] Section 7536 first provides that the territory may be taken from an independent district and included in an adjacent district. Subdivision 1 authorizes a petition by the resident electors of the territory to be excluded. Subdivision 2 requires the county superintendent, on receipt of such petition, to appoint a committee to consider the same, consisting of himself, the president of the board of education of the independent district from which the territory involved is to be excluded, and the chairman of the district board. This can have reference to no other district than the district to which the territory involved is to be attached; but in this case there is no such district, consequently no such board, and no such chairman; therefore it is not possible to comply with requirements of the law. Whether, as suggested by appellants, two members of the committee could act is not material. The law requires the appointment of three.

[3] That the law contemplates the exclusion of territory from an independent district only, when it is attached to some other district is further shown in the language used in subdivisions 3 and 6 of section 7536. If the committee deem it proper, they may make an order authorizing the inclusion of the territory involved in "the independent district or school district to which it is adjacent." And again in subdivision 6 it is provided that

from the date of the order such territory shall be a "part of the district in which it is ordered included."

To our minds it is clear that the law contemplates the exclusion of territory from an independent district only when such territory is included in and made a part of some other existing district adjacent thereto.

The order appealed from is affirmed.